IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR JAMES GRIFFIN JR., and SYBRINA FULTON, Sanford, Florida, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF FLORIDA, City Sanford, GEORGE ZIMMERMAN, City Sanford (FLA.), and STATE ATTORNEY GENERAL OF FLORIDA, <br><br> Defendants. | 4:12CV3083 <br><br><br><br><br><br> **MEMORANDUM** <br> **AND ORDER** |

    This matter is before the court on its own motion. On April 25, 2012, Plaintiff Arthur James Griffin, Jr. ("Griffin"), filed a Motion for Leave to Proceed In Forma Pauperis ("IFP"). (Filing No. 2.) On May 23, 2012, the court granted Griffin's IFP Motion and assessed an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). (Filing No. 10.) In doing so, the court warned Griffin that his case would be subject to dismissal if he failed to pay the initial partial filing fee by June 22, 2012. (*Id*.)

    Rather than pay the initial partial filing fee, Griffin has filed numerous motions to change venue, amend, and quash. (*See* Filing Nos. 11, 12, 13, 14, 15, 16, 17, 20 and 21.) These Motions are difficult to decipher. Most reference a state court criminal case "CR12-14863" and one asks the court to reconsider Griffin's sentence. (*See* Filing Nos. 12, 13, 14, 15, 16, 17, and 20.) To the extent that Griffin seeks to challenge his conviction or sentence, he must do so in a habeas corpus proceeding. Indeed, as the Supreme Court set forth in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a prisoner's conviction or continued

confinement, the civil rights claim must be preceded by a favorable outcome in a habeas corpus or similar proceeding in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87; *see also Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996) (applying *Heck* to a claim that would implicate the validity of a future conviction on a pending criminal charge).

Liberally construed, filing number 11 asks the court to transfer this case to the "United States District Court [for the] District of Florida," and to contact Plaintiff Sybrina Fulton to pay the filing fee. (Filing No. 11.) However, Plaintiff Sybrina Fulton ("Fulton") has not signed the Complaint in this matter. (*See* Filing No. 1.) Federal Rule of Civil Procedure 11 states that "every pleading . . . must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). On July 10, 2012, the court entered a text notice of deficiency regarding Fulton's signature and mailed it to the address provided by Plaintiffs. (Filing No. 18.) In doing so, the court warned Fulton that the Complaint could be stricken if the deficiency was not corrected within 15 days. (*Id*.)

The deficiency deadline set forth in the court's July 10, 2012, Memorandum and Order has now passed and Fulton failed to sign the Complaint. (*See* Docket Sheet.) Because Fulton failed to sign the Complaint by the court's deadline, she is dismissed from this action. As for Griffin, the June 22, 2012, deadline has passed and he has not paid the initial partial filing fee in this matter. (*Id*.) Therefore, Griffin is also dismissed from this matter for failing to comply with the court's May 23, 2012, Memorandum and Order. *See* Fed. R. Civ. Pro. 41(b); *see also Conley v. Holden*, No. 03-3908, 2004 WL 2202452, at *1 (8th Cir. Sept. 21, 2004) (affirming district court's dismissal of inmate's case for failing to pay the assessed initial partial filing fee).

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Complaint (filing no. 1) is dismissed without prejudice because Plaintiffs failed to comply with this court's orders.

2. All pending motions are denied.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 2nd day of August, 2012.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.